1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LARRY H. JENKINS,

            Plaintiff,

  vs.

DR. BROCK; DR. CHASE; DR.
SIRKIN; SGT. SMITH; MOON;
SOTO; SGT. WARREN; Lt. L.
PENNISI, JR.; R. GROUNDS; L.V.N.
MCELROY,

            Defendants

_____/

Nos.    C 13-0481 WHA (PR)

**ORDER OF SERVICE**

**INTRODUCTION**

      Plaintiff, a pro se prisoner, filed this civil rights case under 42 U.S.C. 1983 alleging that officials at Salinas Valley State Prison ignored plaintiff's suicidal condition and used excessive force against him. Plaintiff was given leave to file an amended complaint, which he has done. For the reasons discussed below, the amended complaint is ordered served upon certain defendants and dismissed as to other defendants.

**ANALYSIS**

A.   **STANDARD OF REVIEW**

      Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

1   1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims

2   which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

3   monetary relief from a defendant who is immune from such relief.  *Id*. at 1915A(b)(1),(2).  Pro

4   se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

5   (9th Cir. 1990).

6          To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements:

7   (1) that a right secured by the Constitution or laws of the United States was violated, and (2)

8   that the alleged deprivation was committed by a person acting under the color of state law.

9   *West v. Atkins*, 487 U.S. 42, 48 (1988).

10  **B.     LEGAL CLAIMS**

11         Plaintiff alleges that he told defendants Dr. Brock, Dr. Sirkin, and Dr. Chase that he was

12  feeling suicidal, but they ignored his complaints because he is African-American.  He alleges

13  that he also told defendant Sergeant Smith that if he returned to his cell he would commit

14  suicide, but Smith informed him that if he did not return to his cell he would be forcibly

15  returned. After he was returned to his cell, he tried to kill himself.  He alleges that on a prior

16  occasion while in a holding cage in the prison's medical annex, he informed defendant Nurse

17  McElroy that he was suicidal, but these statements were ignored, he was subject to racial slurs,

18  and he was left in the cage with articles of clothing that he used to hang himself.  He alleges that

19  defendants Sergeant Warren and Correctional Officers Moon and Soto beat him after they found

20  him hanging.  When liberally construed, these allegations state cognizable claims against these

21  defendants for deliberate indifference to his serious medical needs and the use of excessive

22  force in violation of the Eighth Amendment.

23         Plaintiff makes no allegations against defendants Pennisi or Grounds.  Plaintiff was

24  instructed when granted leave to amend that he was required to allege how each and every

25  defendant violated his constitutional rights, and that his failure to do so would result in the

26  dismissal of his claims against them.  Consequently, the complaint will be dismissed as to

27  defendants Grounds and Pennisi.

28                                    **CONCLUSION**

*United States District Court*
For the Northern District of California

2

**United States District Court**
For the Northern District of California

1    For the reasons set out above, it is hereby ordered as follows:

2    1. The claims against defendants R. Grounds and Lt. L. Pennisi, Jr., are **DISMISSED**.

3    2. The clerk shall issue summons and the United States Marshal shall serve, without

4    prepayment of fees, a copy of the amended complaint (dkt. 10) with all attachments thereto, and

5    a copy of this order upon defendants: **Dr. Brock; Dr. Chase; Dr. Sirkin; Sgt. Smith;**

6    **Correctional Officer Moon; Correctional Officer Soto; Sgt. Warren; and Nurse McElroy,**

7    at **Salinas Valley State Prison**. A courtesy copy of the amended complaint with attachments

8    and this order shall also be mailed to the California Attorney General's Office.

9    3. Defendants **shall** file an answer that conforms to the Federal Rules of Civil

10   Procedure.

11   4. In order to expedite the resolution of this case:

12   a. No later than **91 days** from the date this order is filed, defendants shall file a

13   motion for summary judgment or other dispositive motion. If defendants are of the opinion that

14   this case cannot be resolved by summary judgment, they shall so inform the court prior to the

15   date the summary judgment motion is due. All papers filed with the court shall be promptly

16   served on the plaintiff.

17   b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the

18   court and served upon defendants no later than **28 days** from the date of service of the motion.

19   Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to

20   him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and

21   *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

22   If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to

23   exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff

24   should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION),"

25   which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir.),

26   *cert. denied, Alameida v. Wyatt*, 124 S.Ct 50 (2003).

27   c. Defendants **shall** file a reply brief no later than **14 days** after the date of

28   service of the opposition.

3

**United States District Court**
For the Northern District of California

d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

e. Along with their motion, defendants shall proof that they served plaintiff the applicable warning(s) required by *Woods v. Carey*, No. 09-15548, slip op. 7871 (9th Cir. July 6, 2012) and/or *Stratton v. Buck*, No. 10-35656, slip op. 11477 (9th Cir. Sept. 19, 2012), at the same time they served him with their motion. Failure to do so will result in the summary dismissal of their motion without prejudice.

5. All communications by the plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

7. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: June __29__, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

JENKINS0481.SRV.wpd

4