IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY H. JENKINS,<br><br>    Plaintiff,<br><br>vs.<br><br>DR. BROCK; DR. CHASE; DR. SIRKIN; SGT. SMITH; MOON; SOTO; SGT. WARREN; Lt. L. PENNISI, JR.; R. GROUNDS; L.V.N. MCELROY,<br><br>    Defendants | Nos.   C 13-0481 WHA (PR)<br><br>**ORDER DENYING LEAVE TO FILE SECOND AMENDED COMPLAINT; GRANTING EXTENSION OF TIME**<br><br>(Dkt. 10, 18) |

    Plaintiff, a pro se prisoner, filed this civil rights case under 42 U.S.C. 1983 alleging in his first amended complaint that officials at Salinas Valley State Prison ignored plaintiff's suicidal condition and used excessive force against him. The claims were found cognizable as to certain defendants and ordered served upon them. Plaintiff has filed a motion for leave to file a second amended complaint. Defendants have filed a motion for an extension of time to file a motion for summary judgment.

    Plaintiff seeks to add two new claims in a second amended complaint. The first is that he lost a pair of sneakers because Correctional Officer failed to properly inventory a pair of his sneakers. Neither the negligent nor intentional deprivation of personal property states a due process claim under Section 1983 if the deprivation was random and unauthorized. *Parratt v.*

*Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, e.g. a state tort action, precludes relief because it provides adequate procedural due process. *King v. Massarweh*, 782 F.2d 825, 826 (9th Cir. 1986). California law provides an adequate post-deprivation remedy for any property deprivations. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Nor is a prisoner protected by the Fourth Amendment against the seizure or loss of his property. *Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir. 1989). Plaintiff's allegations involve an allegedly negligent or intentional failure to inventory his personal property, which resulted in its unauthorized deprivation. Because such a claim is not cognizable under Section 1983, leave to amend to add such a claim will be denied.

The second claim that plaintiff wishes to add is that a prison official, Mr. Martinez, did not respond to his complaints about being placed in a cell without a mattress for six days. This incident does not arise from the same transaction or occurrence that gives rise to his existing claims. Moreover, plaintiff's existing claims are not brought against Mr. Martinez. The joinder rules do not allow plaintiff to bring a claim against a different person arising out of distinct events in the same case. *See* Fed. R. Civ. P. 18, 20; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Rather, plaintiff must bring such a claim in a new complaint filed in a new case. Consequently, leave to amend to add such a claim is denied.

The motion for leave to file a second amended complaint (dkt. 10) is **DENIED**. The motion for an extension of time, to and including November 29, 2013, is Granted (dkt. 18) in which to file a summary judgment motion is **GRANTED**. Plaintiff's opposition is due within **28 days** of the date such a motion is filed, and defendants **shall** file a reply brief within **14 days** date an opposition is filed.

IT IS SO ORDERED.

Dated: October 7, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE