IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY H. JENKINS,<br><br>    Plaintiff,<br><br>vs.<br><br>DR. BROCK; DR. CHASE; DR. SIRKIN; SGT. SMITH; MOON; SOTO; SGT. WARREN; Lt. L. PENNISI, JR.; R. GROUNDS; L.V.N. MCELROY,<br><br>    Defendants<br>_____ / | Nos.  C 13-0481 WHA (PR)<br><br>**ORDER DENYING MOTIONS TO DISMISS AND TO CONVERT PORTION OF MOTION INTO MOTION FOR SUMMARY JUDGMENT; DENYING MOTION TO STAY; SCHEDULING MOTION FOR SUMMARY JUDGMENT**<br><br>(Dkt. 24, 27, 31) |

    Plaintiff, a pro se prisoner, filed this civil rights case under 42 U.S.C. 1983. His amended complaint alleges that officials at Salinas Valley State Prison violated his Eighth Amendment rights by inadequately treating his suicidal condition and using excessive force against him. The amended complaint was ordered served upon defendants, who filed a motion to dismiss. The motion to dismiss presented three arguments: (1) that the claims of excessive force must be dismissed because plaintiff had not administratively exhausted them prior to filing suit; (2) that the claim that defendant McElroy was deliberately indifferent to his medical needs is barred under the doctrine of res judicata; and (3) that the claims of deliberate indifference to his medical needs against Dr. Brock is improperly joined in this action. Plaintiff has not yet filed an opposition. Instead, he has filed a motion to stay the case due to his

treatment for mental illness.

Defendant's argument to dismiss or sever the claims against Dr. Brock as improperly joined is rejected. The claims of deliberate indifference against Dr. Brock and the other medical personnel defendants, including Nurse McElroy, arise from an alleged failure to properly treat plaintiff's suicidal condition. The fact that Dr. Brock became involved in plaintiff's treatment approximately six weeks later than Nurse McElroy does not make their actions unrelated. The fact that the claims against them are based on their treatment of the same medical condition renders the claims sufficiently related to be properly joined under Federal Rules of Civil Procedure 18 and 20. Accordingly, the motion to dismiss on these grounds is denied.

Defendants have filed a motion to convert a portion of the motion to dismiss — namely, the exhaustion argument — to a motion for summary judgment. *See Albino v. Baca*, No. 10-55702, slip op. at 4 (9th Cir. Apr. 3, 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust should be raised in an unenumerated Rule 12(b) motion, and requiring defendants to produce evidence proving failure to exhaust in a motion for summary judgment). Under *Albino*, the exhaustion argument must be raised in a summary judgment motion and may not be considered in defendants' motion to dismiss. Conversion of part of the motion to dismiss for summary judgment, however, will lead to unnecessary confusion, particularly for a pro se plaintiff. *See generally Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc). In addition, the motion will not address the claims against all the served defendants, and serial summary judgment motions are not favored. Lastly, plaintiff has indicated that he needs additional time to respond to any dispositive motion. Accordingly, the better course is to deny the motion to dismiss without prejudice to defendants raising their arguments — except for the rejected joinder argument — in a new dispositive motion.

For the foregoing reasons:

1. Defendants' motion to dismiss (dkt. 24) and motion to convert said motion to a summary judgment motion (dkt. 29) are **DENIED**.

2

2. In order to expedite the resolution of this case:

   a. No later than **91 days** from the date this order is filed, defendants shall file a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

   b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than **28 days** from the date of service of the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

   c. Defendants **shall** file a reply brief no later than **14 days** after the date of service of the opposition.

   d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.       e. Along with their motion, defendants shall file proof that they served plaintiff the warning required by *Woods v. Carey*, No. 09-15548, slip op. 7871 (9th Cir. July 6, 2012), at the same time they served him with their motion. Failure to do so will result in the summary dismissal of their motion without prejudice.

3. Plaintiff's motion to "stay" (dkt. 31) his response to defendants' motions is **DENIED** as moot. Once defendants file their dispositive motion, plaintiff may obtain additional time to respond to the motion by filing a motion for an extension of time that shows good cause for the extension.

**IT IS SO ORDERED.**

Dated: May 23, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.