IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY H. JENKINS,<br><br>        Plaintiff,<br><br>   vs.<br><br>DR. BROCK; DR. CHASE; DR. SIRKIN; SGT. SMITH; MOON; SOTO; SGT. WARREN; Lt. L. PENNISI, JR.; R. GROUNDS; L.V.N. MCELROY,<br><br>        Defendants<br>_____/ | Nos.   C 13-0481 WHA (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS AND FOR SUMMARY JUDGMENT**<br><br>(Docket No. 36) |

**INTRODUCTION**

Plaintiff filed this pro se civil rights action under 42 U.S.C. 1983. He was given leave to file an amended complaint in which he claims that officials at Salinas Valley State Prison did not adequately care for his medical condition and subjected him to excessive force. Defendants Soto, Sergeant Smith, Dr. Chase and Dr. Sirkin could not be served at the location and according to the names plaintiff provided. The claims against defendants Grounds and Pennisi were previously dismissed. Defendants Dr. Brock, Correctional Officer Moon, Sergeant Warren and Nurse McElroy filed a motion to dismiss and for summary judgment. Although given the requisite warning regarding summary judgment and ample time in which to file an opposition, plaintiff has not opposed defendants' motion. For the reasons discussed below, the

motion to dismiss and for summary judgment is granted and the claims against both the served and unserved defendants are dismissed.

## ANALYSIS

A.  STANDARD OF REVIEW

    1.  <u>Motion to Dismiss for Failure to State a Claim for Relief</u>

Failure to state a claim is a grounds for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dismissal for failure to state a claim is a ruling on a question of law. *Parks School of Business, Inc., v. Symington*, 51 F.3d 1480, 1483 (9th Cir. 1995). "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations and internal quotations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87. A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570; *see, e.g., Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1952 (2009).

Review is limited to the contents of the complaint, *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested. *Lee v. County of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). In addition, the court may take judicial notice of facts that are not subject to reasonable dispute. *Id.* at 688 (discussing Fed. R.

Evid. 201(b)). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The court need not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Ibid.*

A *pro se* pleading must be liberally construed, and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Twombly*, 550 U.S. at 570 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *Symington*, 51 F.3d at 1484.

### 2. Motion for Summary Judgment

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Ibid.*

A district court may not grant a motion for summary judgment solely because the opposing party has failed to file an opposition. *Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n.4 (9th Cir. 1994) (unopposed motion may be granted only after court determines that there are no material issues of fact). The court may, however, grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact. *See Carmen v. San Francisco Unified School*

1  *District*, 237 F.3d 1026, 1029 (9th Cir. 2001); *see also North American Specialty Insurance*
2  *Company v. Royal Surplus Lines Insurance Company*, 541 F.3d 552, 558 (5th Cir. 2008) (if no
3  factual showing is made in opposition to a motion for summary judgment, the district court is
4  not required to search the record sua sponte for a triable issue of fact).

5  B.   ANALYSIS

6  In his amended complaint, plaintiff alleges that on November 15, 2012, defendants Dr.
7  Brock, Dr. Sirkin, and Dr. Chase ignored his "statements" during treatment and returned him to
8  his cell, where he attempted suicide. He also alleges that these doctors routinely ignore suicidal
9  complaints from African-Americans. He alleges that he also told defendant Sergeant Smith that
10 if he returned to his cell he would commit suicide, but Smith informed him that he had to return
11 to his cell anyway. Once he got to his cell, he tried to kill himself. He alleges that on a prior
12 occasion while in a holding cage in the prison's medical annex, he informed defendant Nurse
13 McElroy that he was suicidal, but these statements were ignored, he was subject to racial slurs,
14 and he was left in the cage with articles of clothing that he used to try to hang himself. He
15 alleges that defendants Sergeant Warren and Correctional Officers Moon and Soto beat him
16 after they found him.

17 The allegations that defendants Brock, Sirkin, Chase, Smith and McElroy did not
18 properly treat his suicidal condition do not state a cognizable claim for the violation of his
19 Eighth Amendment rights unless the allegations, if true, establish that they were deliberately
20 indifferent. Deliberate indifference to a prisoner's serious medical needs violates the Eighth
21 Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S.
22 97, 104 (1976). A prison official is deliberately indifferent if she knows that a prisoner faces a
23 substantial risk of serious harm and disregards that risk by failing to take reasonable steps to
24 abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Neither negligence nor gross
25 negligence will constitute deliberate indifference. *Id.* at 835-36 & n.4.

26 It can be assumed that plaintiff's suicidal tendencies are a serious medical condition
27 under the Eighth Amendment. However, plaintiff's allegations, even when assumed to be true
28 and liberally construed in his favor, do not establish that doctors Brock, Sirkin and Chase were

4

deliberately indifferent. Plaintiff only says he made "statements" to them, he does not allege that he told them he was suicidal or, if he did, what else he told them that would have made such statements credible such that they would *know* there was substantial he would try to kill himself, and that they ignored him anyway. The allegations also do not sufficiently establish that defendant Smith was deliberately indifferent. While plaintiff alleges that he told Smith that he wanted to commit suicide if he went back to his cell, he does not state how she would have known that he had the means to do so and therefore that there was a substantial risk that he would carry out his suicidal threat. As a result plaintiff's allegations, even when assumed true and liberally construed, do not show that Brock, Sirkin, Chase and Smith were deliberately indifferent to his medical needs, and he has failed to state a cognizable claim for relief against them under the Eighth Amendment.

Plaintiff's allegations about treatment of African-American inmates are also insufficient to state a plausible claim of discrimination on the basis of race against defendants Brock, Chase, and Sirkin. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). A plaintiff must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent. *Monteiro v. Tempe Union High School Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998). Plaintiff alleges that they "routinely" ignore suicidal gestures by African-American inmates, but he does not allege that they do not do so with inmates of other races. As a result, his allegations, even if proven, do not show that he or other African-American inmates are being treated differently from similarly situated inmates of other races. Plaintiff's allegations are also too conclusory to state a "plausible" claim for relief: he does not allege any specific instances other than his own in which suicidal complaints by an African-American inmate were ignored by these defendants, nor whether and how such complaints were sufficient to reasonably call for medical attention. Under these circumstances, plaintiff has failed to state plausible violation of his equal protection rights.

5

Plaintiff's claims against Nurse McElroy were previously litigated in the state courts, where plaintiff lost the claims on their merits (Defs. Req. Jud. Not. Ex. A). As a result, his claims against McElroy are barred under the doctrine of res judicata. *See Trujillo v. Santa Clara County*, 775 F.2d 1359, 1366 (9th Cir. 1985).

Plaintiff has also failed to allege a plausible claim for the use of excessive force against defendants Warren, Moon and Soto. A prison official violates the Eighth Amendment by using excessive force if the force was applied maliciously and sadistically to cause harm. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Plaintiff simply alleges that they "beat him for the attempt at suicide." As such, he only alleges the motive for the use of force, but not any of the factors used to determine whether the force was excessive, such as how much force they used, who used the force, what actions each defendant took, the circumstances surrounding the use of force, whether there was any reasonable threat to their safety, or whether he resisted their lawful actions before they used force. As a result, even if his allegations are assumed true and liberally construed in his favor, hew would not show that the force was a sadistic and malicious effort to harm. Accordingly, plaintiff has not stated a "plausible" claim that Warren, Moon and Soto violated his Eighth Amendment rights.

For the foregoing reasons, the claims against Brock, Sirkin, Chase, Smith, McElroy, Warren, Moon and Soto must be dismissed for failure to state a claim upon which relief can be granted. As a result, the alternative argument as to defendant Warren – that plaintiff did not exhaust his claims against him – need not be reached.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss and for summary judgment (dkt. 36) is **GRANTED** and the claims against both the served and unserved defendants are **DISMISSED**.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: December  22 , 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6